UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SAVANNA D. JOLLY                                                    PLAINTIFF

v.                                                          NO. 3:17-CV-654-CRS

TGS LOUISVILLE – MILL BROOK
DRIVE, LLC                                                         DEFENDANT

**MEMORANDUM OPINION**

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b). (DN 14). For the following reasons, the Court will **GRANT** Plaintiff's motion.

## II. BACKGROUND

Plaintiff Savanna D. Jolly ("Jolly") initiated this action on October 26, 2017 alleging various federal and state law employment discrimination claims against Defendant TGS Louisville – Mill Brook Drive, LLC ("TGS"). (DN 1). On November 21, 2017, TGS filed its answer to Jolly's complaint. (DN 5). Thereafter, the Court entered a scheduling order setting forth a discovery plan for the preparation of the case for trial. (DN 9).

On April 19, 2018, TGS served its first Interrogatories and Requests for Production of Documents on Jolly. (DN 10). Jolly requested an extension of time until June 8, 2018 to respond to the discovery requests. (*Id.*). However, on June 13, 2018, Jolly's Counsel advised TGS that they had lost touch with his client. (*Id.*). On June 29, 2018, Jolly's Counsel again advised TGS that he still had been unable to contact his client. (*Id.*).

On July 5, 2018, TGS filed a Motion for Telephonic Conference on Discovery which outlined its efforts to obtain responses to its discovery requests from Jolly. (*Id.*). Then, on August 16, 2018, Jolly's Counsel moved to withdraw as counsel of record. (DN 12). According to Counsel, Jolly failed to cooperate "in providing information and documentation necessary to respond to discovery propounded upon [Jolly] by [TGS] in this case despite repeated attempts" by Counsel to obtain compliance of Jolly. (*Id.*). Counsel further explained that Jolly's lack of cooperation made it impossible for Counsel "to prosecute her claims and to otherwise meet discovery obligations in this matter." (*Id.*).

On August 23, 2018, the magistrate judge granted Counsel's motion to withdraw during a telephonic status conference and ordered that "Jolly shall have fifteen days to either obtain new counsel or indicate her intent to proceed pro se or otherwise." (DN 13). Fifteen days came and went without any word from Jolly. The magistrate judge, after noting that Jolly failed to comply with his previous order, extended Jolly's deadline to obtain new counsel or notify the Court of her intentions to proceed pro se to October 5, 2018. (DN 14). On October 12, 2018, TGS filed its motion to dismiss for failure to prosecute. (DN 15). Jolly, perhaps unsurprisingly, filed no response. To this date, Jolly has failed to advise the Court whether she obtained new counsel or intends to proceed pro se.

### III. DISCUSSION

TGS moves to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b). (DN 15). Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." A dismissal under Rule 41(b) usually "operates as an adjudication on the merits." *Id*. District courts may use this rule "as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing

parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

In the Sixth Circuit, courts consider four factors when deciding whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). None of these factors is outcome determinative; rather "it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

In *Jarmon v. Intuitive Surgical, Inc.*, a case similar to the instant matter, this Court dismissed the action pursuant to Rule 41(b) after considering the above four factors. No. 3:15-cv-00334-CRS-DW, 2017 WL 939325 (W.D. Ky. March 9, 2017). In *Jarmon*, the plaintiff's attorney moved to withdraw as counsel of record because plaintiff and counsel disagreed about "crucial aspects of the case and the merits of certain allegations, facts, and issues." *Id.* at *1. The magistrate judge granted the motion to withdraw and ordered the plaintiff to secure new counsel or file notice of plaintiff's intent to proceed pro se. *Id.* The plaintiff did neither. *Id.* The magistrate judge extended the deadline numerous times to no avail. *Id.* at *2.

In considering the four Rule 41(b) factors, this Court determined that the plaintiff no longer intended to participate in the case, that the plaintiff was given ample opportunity to respond to court orders but failed to do so, and that the plaintiff's conduct prejudiced the defendant by subjecting them to continued liability. *Id.* at *2. Accordingly, this Court dismissed the plaintiff's claims under Rule 41(b). *Id.*

3

In this case, as in *Jarmon*, the factors weigh in favor of dismissal. First, it appears Jolly no longer intends to participate in this action. As of June 13, 2018, Jolly's attorneys reported that they had been unable to contact Jolly. The magistrate judge extended the deadline for Jolly to comply with the court's order twice, but Jolly failed to communicate with the Court. Further, Jolly responded to neither TGS's motion to dismiss, nor the more recently filed motion to vacate the dispositive motion deadline. (DN 19). Second, TGS is prejudiced by Jolly's inaction because it continues to be subject to potential liability as long as the action remains pending. With regard to the final two factors, the magistrate judge gave Jolly ample opportunity to respond to the Court's order. Moreover, Jolly had access to the magistrate judge's orders through the Court's Electronic Filing System. *See Jarmon*, 2017 WL 939325, at *2 (noting that access to the Court's Electronic Filing System put absent plaintiff on notice of court's warnings); *See also Ludwig v. Kentucky Dept. of Military Affairs*, No. 13-174-GFVT, 2015 WL 6964278, at *1 (E.D. Ky. Nov. 10, 2015) (same).

Jolly has had multiple opportunities to communicate with the Court and explain her absence, or express her intent to proceed with her case. She has not been in touch with her lawyers, has not complied with the Court's orders, and has not responded to the multiple discovery requests or motions brought by TGS. The record is clear that Jolly's inaction has caused significant delay to this action. Accordingly, this Court will grant TGS's motion to dismiss plaintiff's claims with prejudice.

January 4, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4